# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARCOS URIBE GERONIMO,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, San Diego Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; TODD BLANCHE, Attorney General, Department of Justice; MARKWAYNE MULLIN, Secretary, Department of Homeland Security,

Respondents.

Case No.: 3:26-cv-05743-BTM-MMP

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 5]**

//

//

//

Marcos Uribe Geronimo, a noncitizen[1] from the Dominican Republic, has petitioned the Court for the writ of habeas corpus, claiming that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard and that his arrest was not statutorily authorized. (ECF No. 5 ("Am. Pet."), at 3–7.) He requests immediate release. (*Id.*, at 7.)

## I. LEGAL STANDARD

"A writ of habeas is available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of the custody, and…the traditional function of the writ is to secure release from illegal custody." *Priser v. Rodriguez*, 411 U.S. 475, 484 (1973). Challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## II. BACKGROUND

The Petitioner is a citizen of the Dominican Republic and entered the United States in 2023 to request asylum. (Am. Pet., 2.) He was immediately arrested and released on parole into the United States. (*Id.*) On September 2, 2026, the Petitioner attended his check-in appointment with Immigration and Customs Enforcement ("ICE"). (*Id.*) ICE agents detained the Petitioner and did not show him a warrant nor did they explain why he was being arrested. (*Id.*) He was transferred from Florida to Otay Mesa Detention Center, where he remains detained. (*Id.*)

//

//

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien." 8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

## III. DISCUSSION

The Petitioner brings two claims for relief in his petition. First, he contends that his arrest violated the Due Process Clause. (Am. Pet., 3–4.) Second, that his detention was not statutorily authorized because he was not given a warrant. (*Id.*, at 4–7.)

To the extent that the Petitioner claims his warrantless arrest was not statutorily authorized, his request for immediate release is unconvincing. The Government presented evidence that the Petitioner was provided with an administrative warrant the same day of his arrest. (ECF No. 7-1, Ex. 2.) The regulation governing warrantless arrests is 8 C.F.R. § 287.3. Section 287.3(d) provides that if an arrest is made without a warrant, an immigration officer must, within 48 hours of arrest, determine "whether the alien will be continued in custody or release on bond or recognizance and whether a notice to appear and warrant of arrest…will be issued." 8 C.F.R. § 287.3(d); *see Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1224 (S.D. Cal. 2019). Here, the administrative warrant was issued the same day the Petitioner was detained.

As to the Petitioner's Due Process claim, the Government acknowledges that the Petitioner is subject to § 1226(a). (ECF No. 7 ("Return"), at 1–2.) Section 1226(a) states, "[o]n a warrant by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Nevertheless, the Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government states that it has no information regarding whether the Petitioner would be a danger to the community if released. (ECF No. 8.)

//

//

//

//

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). The Government failed to comply with these due process requirements, and thus the Petitioner is entitled to be released. The Petitioner is also entitled to be released because the Government does not contend that he is a flight risk or a danger to the community.

## IV. CONCLUSION

Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Geronimo from custody on any preexisting conditions. Although the Petitioner was granted conditional parole, the Court uses the analogous humanitarian parole law to set a guideline for the procedures that the Government must follow when redetaining the Petitioner. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2). Should the Government attempt to revoke the Petitioner's parole in the future, it must provide the Petitioner a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *See Mendez-Ramirez v. Casey*, No. 26-cv-04513, 2026 WL 2824537, at *1 (S.D. Cal. Sept. 21, 2026); *Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

//

The Government shall provide reporting instructions to the Petitioner. The parties shall file a joint statement as to the satisfaction of the writ by November 20, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the first claim, the Court declines to reach the merits of the Petitioner's other claim. Count two of the amended petition is **DISMSISED** without prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Honorable Barry Ted Moskowitz
United States District Judge